[Civ. No. 14007. First Dist., Div. Two. July 15, 1949.]

BARBARA ROBART, Individually and as Guardian *Ad Litem*, etc., Respondent, v. PHILIP BREHMER et al., Appellants.

David Livingston, Louis F. Di Resta and George F. Halcrow for Appellants.

Melvin M. Belli, Jonathan Rowell, Lou Ashe, John Brettman and Darrell B. Edwards for Respondent.

DOOLING, J.—In an action for wrongful death the jury returned a verdict for defendants. The court granted a new trial on the ground of insufficiency of the evidence and defendants appeal.

The death was caused by a collision of two airplanes on the ground at a privately operated airfield. This field has an easterly and westerly runway about 3,000 feet long and 400 feet wide. The northerly 300-foot strip is used by planes taking off from the field and the southerly 100 feet by planes taxiing up the field to the beginning of the takeoff of the runway.

The decedent Robart was a flying instructor and was in a single motor plane with a pupil, Dr. Long. This plane was equipped with dual controls so that while Dr. Long was actually operating it the decedent could have taken over its operation at any moment. Dr. Long was practicing taking off and landing. On his last landing he decided that it might not be safe to take off immediately so he taxied to the westerly end of the runway, made a U-turn and started to taxi back to the head of the runway on the 100-foot strip set aside for that purpose. As he did so the defendant Brehmer was leaving the easterly end of the runway intending to take to the air. He was operating a two-motor plane. Brehmer proceeded for approximately 570 feet and had attained a speed of at least 40 miles per hour when his plane began to veer toward the left and thereafter proceeded in a parabolic arc about 210

feet leftward until it struck the plane operated by Dr. Long with the resultant death of Robart.

Appellants claim that there is no evidence which would support a finding that defendant Brehmer was negligent and that the evidence establishes the decedent's contributory negligence as a matter of law.

Appellants point out that traveling at 40 miles per hour the plane operated by Brehmer would travel 210 feet in less than 4 seconds. Brehmer testified that as soon as his plane began to veer he tried to turn it back to its course by setting the tail rudder, that when that proved ineffective he eased back his right throttle, depressed his right brake and when none of these measures proved effective he pulled the stick in an attempt to take to the air. It is appellants' position that Brehmer did all that could be expected of a person of ordinary prudence confronted by a sudden emergency with less than four seconds in which to act.

There is evidence, however, produced by the plaintiff which is sufficient if believed by the jury to support a finding of Brehmer's negligence. This evidence is to the effect that the most probable cause of Brehmer's two-motored plane veering to the left was a partial or total failure of power in the left motor; that while the plane was on the ground the effect of an attempt to turn it by use of the tail rudder would be negligible; that the use of the right brake would be more effective, but that the most effective method of regaining the proper course would be to equalize the power by throttling down the right and opening up the left motor. The witness Sylvestri, who was riding with Brehmer and is an experienced airplane mechanic, testified that at no time did Brehmer pull back the right throttle or push the left throttle ahead. He then gave the following answer to the following question:

"Q. . . . If from the time you took your swerve, up until the time of the crash, if the right motor had been pulled back on throttle, and the left throttle had been pushed far ahead, what would have happened any time up until the crash?

"A. Well, it would have corrected the curve, if he closed the right and opened up the left more."

It takes no argument to establish that this evidence presented questions of fact for the jury 1. as to whether Brehmer advanced one throttle and retarded the other; 2. whether a person of ordinary prudence in the emergency presented would have done so; and 3. if he did not do so whether if he had done so the collision would have been avoided. That Sylves-

tri was impeached did not destroy the effect of this testimony, the credit to be given him being for the court and jury.

There is evidence of admissions of Brehmer and other evidence relied upon by respondents which we need not discuss. Having stated sufficient evidence to support a finding of negligence we need not appraise the effect of any other evidence, and we do not do so.

■ Appellants argue that the decedent was guilty of negligence as a matter of law on three grounds. 1. that it was negligence to taxi up the taxi strip knowing that Brehmer's plane was taking off in the opposite direction; 2. that it was negligence for decedent's plane not to speed up in an attempt to avoid the collision; and 3. that decedent violated a rule of the U. S. Civil Aeronautics Board and hence was guilty of negligence *per se*.

The first two arguments obviously present questions of fact and not of law. The third depends upon the following rule of the Civil Aeronautics Board:

"60.106. *Operation on and in the vicinity of airports.* Aircraft shall be operated on and in the vicinity of airports in accordance with the following rules:

"(a) Prior to and during taxiing, taking off and landing, a pilot shall:

"(1) observe other traffic and take precautions to avoid collision. . . ."

It is argued that Dr. Long violated this regulation because he testified that after observing Brehmer's plane veering to the left he took his eyes off of it. The regulation requires the operator of a plane to "observe other traffic." Dr. Long did observe other traffic. The rule does not require constant observation. The rule requires the operator to "take precautions to avoid collision." Whether Dr. Long could in the exercise of ordinary care have done anything to avoid the collision was clearly a question of fact.

It is not claimed that this is a res ipsa loquitur case so we do not discuss that question. It is so clearly a fact case, however, that we feel it superflous to cite or discuss any cases.

Order affirmed.

Goodell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 12, 1949.